UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20155
_____

NASAIRA AGUIRRE-REED,

Plaintiff-Appellant,

versus

GALLERY MODEL HOMES INCORPORATED,
doing business as Gallery Furniture,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3807)
_____

November 30, 1998

Before JOLLY, and JONES, Circuit Judges, and LAKE[*], District Judge.

PER CURIAM:[**]

Ms. Aguirre-Reed filed a complaint against her former employer, Gallery Furniture of Houston, initially alleging national origin discrimination in violation of 42 U.S.C. § 1981 and related state law claims.  Gallery furniture moved to dismiss under Rule

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

12(b)(6), provoking appellant's attempt to amend her complaint to allege racial rather than national-origin discrimination. The district court refused to permit her to amend her complaint and dismissed the case with prejudice. We affirm.

On appeal, Aguirre-Reed argues that the district court abused its discretion in denying her motion to amend and that under § 1981, her amended complaint stated a viable cause of action. She does not brief on appeal the district court's dismissal of her state law claims, so we treat that part of the judgment as uncontested.

It may be that the district court abused his discretion in denying leave to amend pursuant Fed. R. Civ. P. 15(a). Ordinarily, leave to amend should be freely given when justice so requires. Any such error of the district court is, however, easily corrected in this appeal by our consideration of the appellant's amended complaint as if leave had been given to file it.

Aguirre-Reed next argues that, whatever the district court thought about this matter, 42 U.S.C. § 1981 affords a cause of action for racial discrimination to a person who is employed on an at-will basis under state law. Indeed, this court has very recently so held. Fadeyi v. Planned Parenthood Association of Lubbock, Inc., No. 97-11310 (5th Cir. Nov. 11, 1998) (1998 WL 784204). But even allowing credit for a correct interpretation of applicable law, Aguirre-Reed's amended complaint falls short of stating a violation of § 1981. She alleges only that she was

2

transferred from an office job to a sales position in the store after her husband was arrested for and convicted of embezzlement. She does not allege that she was demoted, that her pay or benefits were cut, that she was subjected to extraordinarily harsher conditions than other employees, or that she was fired. Appellant's allegations, in short, do not encompass any essential change in her contractual relationship with her employer, nor do they involve a course of overtly racially discriminatory conduct. Compare Fadeyi, supra. That she was transferred from the office to the sales floor, while an "Anglo" employee whose husband was "on federal probation" was not similarly transferred, fails to imply either racial discrimination or a breach in Aguirre-Reed's contract of employment with Gallery Furniture. As these are the only facts appellant alleges in her amended complaint, the conclusional allegations of a § 1981 violation are insufficient.

For the foregoing reasons, we conclude that even if the district court had permitted appellant to file her amended complaint, that complaint still falls short of stating a cognizable claim under 42 U.S.C. § 1981. The judgment of the district court is AFFIRMED.